FILED
 2009 Oct-15 PM 03:15
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **STEVE HUNT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:09-CV-1380-VEH |
| | ) |
| **KEITH CODE, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Steve Hunt ("Hunt"), originally filed this motorcycle negligence case in the Circuit Court of Jefferson County, Alabama, against Defendants California Superbike School, Inc. ("Superbike") and Keith Code ("Code") on or about May 29, 2009. (Doc. 1 ¶ 1; *see also* Doc. 1 at Ex. A at Cover Sheet at 1). The lawsuit stems from injuries and damages purportedly sustained by Hunt as a result of a collision, which occurred on or about June 2, 2007. (Doc. 1 at Ex. A at Compl. ¶¶ 7, 10).

Defendants removed the litigation to this court on July 10, 2009, asserting diversity under 28 U.S.C. § 1332 as the basis for federal jurisdiction. (Doc. 1 ¶ 5). Because this court concludes that it lacks subject matter jurisdiction premised upon diversity, it *sua sponte* remands the case to the Circuit Court of Jefferson County.

## II.   SUBJECT MATTER JURISDICTION

### A.   General Principles

"It is by now axiomatic that the inferior courts are courts of limited jurisdiction. They are empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution, and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (internal citations omitted). "Accordingly, when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (internal citations omitted). "Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id.* at 410 (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506 (1868)).

"A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Ala.*, 168 F.3d at 410. "Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* (citing *Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (per curiam)).

Moreover, "[t]he jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000-01 (11th Cir. 1982) (quoting *American Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). Furthermore, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly." *Univ. of S. Ala.*, 168 F.3d at 411 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

Lastly, Congress has decreed and the Supreme Court has confirmed that - with the express exception of civil rights cases that have been removed - orders of remand by district courts based upon certain grounds, including in particular those premised upon lack of subject matter jurisdiction, are entirely insulated from review. More specifically, § 1447(d) provides:

> An order remanding a case to the State court from which it was removed <u>is not reviewable on appeal or otherwise</u>, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

28 U.S.C. § 1447(d) (emphasis added); *see also Kirchner v. Putnam Funds Trust*, 547

U.S. 633, 642 (2006) (recognizing that "'[w]here the [remand] order is based on one of the grounds enumerated in 28 U.S.C. § 1447(c), review is unavailable no matter how plain the legal error in ordering the remand'") (citing *Briscoe v. Bell*, 432 U.S. 404, 413 n.13 (1977)); Milton I. Shadur, *Traps for the Unwary in Removal and Remand*, 33 no. 3 Litigation 43 (2007); *Powerex Corp. v. Reliant Energy Servs., Inc.*, 127 S. Ct. 2411, 2418 (2007) (holding that when "the District Court relied upon a ground that is colorably characterized as subject-matter jurisdiction, appellate review is barred by § 1447(d)").

## B.     Diversity Jurisdiction

Defendants premise their removal upon this court's diversity jurisdiction. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Therefore, removal jurisdiction based upon diversity requires: (1) a complete diversity of citizenship between the plaintiff(s) and the defendant(s); and (2) satisfaction of the amount in controversy requirement.

### 1.     Citizenship Requirement

Diversity jurisdiction "requires complete diversity—every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth.*, 22 F.3d 1559, 1564 (11th Cir.

1994). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994).

Further, a party's citizenship is determined at the time of removal, and the failure to properly establish the existence of diversity between every plaintiff and every defendant is a procedural defect. *See Corporate Management Advisors, Inc.,v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) ("However, we conclude that the failure to establish a party's citizenship at the time of filing the removal notice is a 'procedural, rather than jurisdictional, defect . . . .' *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)."). This court's decision to remand in this instance does not turn upon the citizenship requirement.

### 2.     Amount in Controversy Requirement

It is beyond question that this court has an independent jurisdictional duty to evaluate the sufficiency of a removing party's statement about the amount in controversy. Regarding amount in controversy, "when Congress created lower federal courts, it limited their diversity jurisdiction to cases in which there was a minimum monetary amount in controversy between the parties." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (citing *Snyder v. Harris*, 394 U.S. 332, 334 (1969)). Today, the threshold amount in controversy for diversity jurisdiction,

excluding interests and costs, is $75,000.  28 U.S.C. § 1332.

"[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."  *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356-57 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (2000); *see also McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S. Ct. 2877 (2008).

In assessing the propriety of removal, "the court considers the documents <u>received by the defendant from the plaintiff</u> . . . and determines whether that document and the notice of removal unambiguously establish federal jurisdiction."  *Lowery*, 483 F.3d at 1211 (emphasis added).  In *Lowery*, the Eleventh Circuit was at a loss to determine by what means it could make an informed assessment of the amount in controversy because the damages were unspecified and only the bare pleadings were available.  *Id*. at 1210.

Similarly, in this case, the court finds that the allegations about the amount in controversy made in the notice of removal coupled with the unspecified damages contained in the complaint are insufficient to establish satisfaction of the amount in

controversy requirement. In their notice of removal, Defendants unpersuasively maintain that even though Hunt failed to ask for any specific monetary award, his assertion of claims and injuries stemming from the motorcycle collision (including "medical expenses in excess of $47,000[;]" "lost wages totaling $3,770[;]"[1] "left 2-8 rib fractures;" "left neumothorax;" "left clavicle fracture;" "left scapula injury;" and "partial collapse of bladder" (Doc. 1 ¶ 7)) and his demand for "such [unspecified] fair compensation" (*see, e.g.*, Doc. 1 at Compl. ¶¶ 16, 22, 28) make this case appropriately removable. (Doc. 1 ¶¶ 11-12; *see also* Doc. 1-2 at Compl. ¶ 14). Such an amount in controversy statement is insufficient under *Lowery*'s holding that a removing party show the existence of federal jurisdiction <u>without any ambiguity</u>. *Id.*, 483 F.3d at 1214

Additionally, Defendants rely upon "Plaintiff's settlement demand [of] $162,000[.]" (Doc. 1 ¶ 7; *id.* at Ex. B at 1). Even pre-*Lowery*, the Eleventh Circuit recognized that a settlement offer is not dispositive of the amount in controversy issue. *See, e.g., Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While this settlement offer, by itself, may not be determinative, it counts for

---

[1] The court notes that Hunt does not include any specific medical expense or lost wage figures in his complaint, and Defendants do not indicate where these numbers come from in alleging them as part of their removal petition.

something.").[2]  Further while *Lowery* recognizes that settlement offers may be considered as "other paper" in order to establish the amount in controversy,[3] the Eleventh Circuit has provided little guidance from which to determine when a removal is appropriately based on a written settlement demand as the likely value of a case versus an exercise in puffery or mere posturing for negotiating purposes.

On at least one other occasion, this court has addressed whether a settlement offer unambiguously established satisfaction of the amount in controversy requirement consistent with *Lowery*. *See generally Harris v. Homecomings Financial, LLC*, No. 1:08-CV-1518-VEH, (Docs. 9,10) (N.D. Ala. Oct. 31, 2008). In *Harris*, the court ultimately concluded that the demand letter there was "not a

---

[2] *Burns* is factually distinct from this case. Here, damages are unspecified, unlike *Burns*, where damages were specified at $45,000 and the defendant argued that damages were in actuality in excess of that amount. 31 F.3d at 1097. In *Burns*, the plaintiff offered to settle for less than the jurisdictional amount. *Id.* The court in *Burns* only concluded that an offer to settle did not establish that the plaintiff's prayer for relief in her complaint was "grossly inconsistent" with her alleged damages and that, therefore, a higher amount was actually in controversy. *Id.*

[3] *See Lowery*, 483 F.3d at 1213 (11th Cir. 2007) ("What constitutes 'other paper' . . . has been developed judicially. Courts have not articulated a single test for identifying 'other paper,' but numerous types of documents have been held to qualify. They include . . . settlement offers . . . .") (citing *Addo v. Globe Life & Accident Ins. Co.*, 230 F.3d 759, 761-62 (5th Cir. 2000)); *see also* 14C CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 3732 (1998) ("[C]orrespondence between the parties and their attorneys or between the attorneys usually [is] accepted as [an] 'other paper' source[ ] that initiate[s] a new thirty-day period of removability.").

reasonable estimate of damages, but instead amounts merely to posturing in settlement negotiations." (Doc. 9 at 12). The court reaches a similar conclusion here.

This particular offer is dated April 3, 2008,[4] and was sent not only approximately 1 year and 46 days <u>before</u> Hunt's lawsuit was filed on May 29, 2009, but also was signed by a different lawyer (Lawrence Najem) than the attorney who ultimately filed Hunt's lawsuit (James R. Holland, II). (Doc. 1 at Ex. A at Compl. at 13). Therefore, the pre-suit status of the letter, the involvement of different counsel, and the significant elapse of time between the offer and the filing of the action all bring into question the reasonableness of the demand as a true value of the damages sought in the lawsuit.

Additionally, the letter states that "we have been <u>authorized by Mr. & Mrs. Hunt</u> to resolve their claims for a total amount of $162,000.00." (Doc. 1 at Ex. B at 1 (emphasis added)). Therefore, the settlement demand involved two potential plaintiffs while the lawsuit actually filed only involves the claims of Mr. Hunt.

Furthermore, it is impossible for the court to evaluate the entire context of this settlement offer when Defendants have inexplicably attached only one page from a document that apparently contained five pages. (Doc. 1 at Ex. B at 1 (indicating

---

[4] "April 3, <u>3008</u>" is the actual date listed on the letter, which apparently is a typographical error. (Doc. 1 at Ex. B at 1 (emphasis added)).

"Page 5" at top)). Under such circumstances, this court cannot conclude that the April 3, 2008, offer is a reasonable estimate of damages demanded in this case. *See Tago v. Clarendon National Insurance Company*, No. 8:05CV1634T23EAJ, 2006 WL 314513, at *1 (M.D. Fla. Feb. 9, 2006) (holding that a "plaintiff's pre-suit settlement demand of $100,000.00 contributes little to establishing the amount in controversy because nothing in the record demonstrates that the demand realistically values the plaintiff's claim") (citations omitted); *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in controversy <u>if it appears to reflect a reasonable estimate of the plaintiff's claim</u>.") (emphasis added).

In their petition, Defendants do not even acknowledge the existence of *Lowery* much less explain how their present removal satisfies the opinion's multi-faceted jurisdictional standard. Instead, Defendants unhelpfully cite <u>only</u> to one pre-*Lowery* district court decision. (*See* Doc. 1 ¶ 8 (citing *Steele v. Underwriters Adjusting Co.*, 649 F. Supp. 1414 (M.D. Ala. 1986)).

In reference to *Steele*, Defendants state that they "cannot be deprived of [their] right to remove this cause to the United States District court by the Plaintiff's failure to demand a specific monetary figure[.]" To the extent that *Steele* even stands for

this proposition,[5] such a statement is not necessarily at odds with *Lowery*.

However, to the extent that any language from *Steele* does create a conflict with *Lowery*, *Steele* is non-binding, and this court is obligated to follow *Lowery* as it is controlling authority. Moreover, the standard under *Lowery* is not whether a defendant has been deprived of a right to remove by the plaintiff due to the absence of any specified damages, but rather whether <u>Defendants have unambiguously established</u> that the monetary threshold has been met.

Furthermore, several persuasive post-*Lowery* opinions exist that support remanding this case for Defendants' failure to satisfy the amount in controversy requirement. *See, e.g., Beasley v. Fred's Inc.*, No. 08-0120-WS-C, 2008 WL 899249, at *1 (S.D. Ala. Mar. 31, 2008) (remanding *sua sponte* because "[t]he amount in controversy [was] not apparent from the face of the complaint, because there [was] no way to determine from the complaint whether the plaintiff has been injured so badly as to make an award of over $75,000 more likely than not"); *Spivey v. Fred's Inc.*, 554 F. Supp. 2d 1271, 1275 (M.D. Ala. 2008) (remanding *sua sponte* on the basis that the "court is not permitted to speculate as to the amount of damages in

---

[5] In *Steele*, the court stated: "The rule, that the plaintiff's demand for relief controls for purposes of determining federal jurisdiction, is certain and simplistic, but it should not be applied in a wooden fashion that deprives the defendant of his right to remove to federal court." 649 F. Supp. at 1415.

evaluating whether the jurisdictional amount has been met"); *Siniard v. Ford Motor Co.*, 554 F. Supp. 2d 1276, 1278 (M.D. Ala. 2008) (granting motion to remand in removed wrongful death action on grounds that "defendant and the court may not speculate about the amount in controversy, nor should 'the existence of jurisdiction' be 'divined by looking to the stars'") (citing *Lowery*, 483 F.3d at 1215).[6]

While this court recognizes that the requisite amount in controversy might exist, "[i]f the court asserts jurisdiction on the basis of the defendant's speculative assertions, it implicitly accepts rank speculation as reasonable inquiry [per Rule 11]. This could undermine the requirement of reasonable inquiry not only in removal situations, but also in other contexts." *Lowery*, 483 F.3d at 1215 n.67.

As *Lowery* explains, "the district court has before it only the limited universe of evidence available . . . [and] if that evidence is insufficient to establish that removal was proper or that jurisdiction is present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id*. at 1214-15; *see*

---

[6] The undersigned has also rendered several *Lowery*-based remand decisions from which the analysis and disposition of this case persuasively flow. *See, e.g., Wood v. Option One Mortgage Corp.*, No. 4:08-CV-1477-VEH, (Docs. 14, 15) (N.D. Ala. Sept. 30, 2008); *Smith v. Parker*, No. 4:08-CV-901-VEH, (Docs. 10, 11) (N.D. Ala. July 11, 2008); *Wright v. Allstate Ins. Co.*, No. 1:08-CV-449-VEH, (Docs. 6, 7) (N.D. Ala. Apr. 23, 2008); *Standfield v. Fleet Global Services*, No. 2:07-CV-2307-VEH, (Docs. 10, 11) (N.D. Ala. Mar. 11, 2008); *Daugherty v. Royal Trucking Co.*, No. 2:09-CV-1293-VEH, (Docs. 8, 9) (N.D. Ala. Aug. 6, 2009).

*also Lindsey v. Ala. Tel. Co.*, 576 F.2d 593, 595 (5th Cir. 1978) (holding that "it was not open for defendants to attempt to show" the requisite amount in controversy per capita where the complaint made insufficient allegations, "[n]or was it open to the district court to speculate that such was in fact the case").[7]  "Under § 1446(b), the operative document must unambiguously establish federal jurisdiction."  *Belkin v. Home Depot U.S.A., Inc.*, No. 07-61368-CIV, 2007 WL 4247685, at *1 (S.D. Fla. Dec. 3, 2007) (citing *Lowery*, 483 F.3d at 1214 (citing *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) ("holding that the document must be 'unequivocally clear and certain'")).

Therefore, "jurisdiction is either evident from the removing documents or remand is appropriate."  *Lowery*, 483 F.3d at 1211.  "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to the stars." *Id*. at 1215.  Accordingly, Defendants have not satisfied their preponderance of evidence standard by unambiguously establishing the amount in controversy as mandated under *Lowery*, and the case is due to be remanded for lack of subject matter jurisdiction for this reason.

---

[7] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

## III.  CONCLUSION

Thus, as analyzed above, the court lacks subject matter jurisdiction, and this action is due to be remanded to Jefferson County Circuit Court.  More specifically, Defendants' reliance upon diversity jurisdiction is improper because the amount in controversy requirement has not been satisfied under *Lowery*.  Accordingly, an order will be entered remanding the case to the Circuit Court of Jefferson County.

**DONE** and **ORDERED** this the 15th day of October, 2009.

                                                                           _____
                                                                           **VIRGINIA EMERSON HOPKINS**
                                                                           United States District Judge